UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD BORLA,<br><br>　　　　Defendant. | Case No. 24-cv-02878-PCP<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Cameron Williams, an inmate at the Correctional Training Facility, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The Petition is dismissed with leave to amend.

**I.　　Background**

Mr. Williams pleaded guilty to charges of voluntary manslaughter, being a felon in possession of a firearm, and the use of a firearm. *See* Pet. at 1. On December 9, 2020, he was sentenced to a term of imprisonment of 21 years and 8 months. *See id*.

Mr. Williams did not appeal his conviction, *see id*. at 2, which because final on February 8, 2021. He filed three habeas petitions in the Superior Court of California for the County of San Francisco. *See id*. at 3–5. He pursued the third of these habeas petitions to the California Supreme Court, which denied it on March 12, 2024. *See id*. at 5.

The instant petition was filed April 22, 2024. *See id*. at 170. Mr. Williams raises the following claims:

　　1.　denial of the right to argue self-defense, even as a mitigating factor;

　　2.　ineffective assistance of counsel for various failings, including failing to impeach

perjured testimony or to present mitigating evidence;

   3.  prosecutorial misconduct on various grounds, including a *Brady* violation; and

   4.  relief under a newly enacted state law.

Pet. at 5–10 (listing claims).

## II. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## III. Analysis

The Petition states that Mr. Williams pleaded guilty to the charges challenged in this federal habeas petition. *See* Pet. at 1.

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983) (generally, guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (same); *see also Al'Faro v. Cullen*, No. C 08-4295 SI PR, 2010 WL 4690873, at *3 (N.D. Cal. Nov. 10, 2010) (granting motion to dismiss habeas petition on this basis). After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the (1) voluntary and intelligent character of the plea; and (2) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)).

There are a few limited exceptions to this general bar: a defendant who pleads guilty still

may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring*, 462 U.S. at 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id*. (citing *Menna v. New York*, 423 U.S. 61 (1975)). Mr. Williams, however, does not raise claims which fall into these narrow exceptions. And although Mr. Williams claims he suffered from ineffective assistance of counsel, he does not allege that counsel was ineffective specifically in advising him regarding the guilty plea. *See* Pet. at 7, 20, 27 (listing ineffective actions at trial); 339 (stating Mr. Williams claimed his counsel was ineffective for failing to investigate). Mr. Williams's claims therefore appear to be foreclosed. Moreover, Mr. Williams's request for relief under a newly enacted state law is not cognizable in a federal habeas proceeding. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (explaining that the federal habeas writ unavailable for violations of state law or for alleged error in the interpretation or application of state law).

Because Mr. Williams's claims appear to be precluded by his guilty plea, the Petition is dismissed with leave to amend. Mr. Williams may amend if he brings a claim which falls into one of the exceptions identified above, **and** if he already has exhausted such a claim in state court.

IV.   **Conclusion**

The Petition is dismissed with leave to amend.

Mr. Williams may file a FIRST AMENDED PETITION within **thirty-five days** from the date this order is filed. The first amended petition must include the caption and civil case number used in this order (CV 24-2878-PCP (PR)) and the words FIRST AMENDED PETITION on the first page. An amended pleading supersedes the original pleading. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

**Failure to file an amended petition within thirty-five days and in accordance with this order will result in a finding that further amendment would be futile. If Mr. Williams fails to amend, this action will be dismissed with prejudice.**

It is Mr. Williams's responsibility to prosecute this case. Mr. Williams must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 17, 2025

_____
P. Casey Pitts
United States District Judge