UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON WILLIAMS, | Case No. 24-cv-02878-PCP |
| Plaintiff, | |
| v. | **ORDER DISMISSING SECOND AMENDED PETITION WITH FURTHER LEAVE TO AMEND** |
| EDWARD BORLA, | Dkt. No. 25 |
| Defendant. | |

Cameron Williams, an inmate at the Sierra Conservation Center, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed Mr. Williams's initial petition with leave to amend. Dkt. No. 20. Mr. Williams filed an amended petition and a supplement to that Amended Petition. Dkt. Nos. 21–22. The Court concluded that the first amended petition suffered from the same defects as the original petition, and against dismissed with leave to amend. Dkt. No. 23.

The Second Amended Petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. *See* Dkt. No. 24 ("Second Amended Petition" or "SAP"). The Second Amended Petition is dismissed because it suffers from the same defects as the initial and the first amended petitions. Mr. Williams will be given **one final chance** to amend his claim(s) in a third amended petition.

## I.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an

United States District Court
Northern District of California

United States District Court
Northern District of California

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## II.    Analysis

Mr. Williams pleaded guilty to charges of voluntary manslaughter, being a felon in possession of a firearm, and the use of a firearm. *See* Dkt. No. 1 at 1. On December 9, 2020, he was sentenced to a term of imprisonment of 21 years and 8 months. *See id*.

Mr. Williams filed three habeas petitions in the Superior Court of California for the County of San Francisco. *See id*. at 3–5. He pursued the third of these habeas petitions to the California Supreme Court, which denied it on March 12, 2024. *See id*. at 5.

The initial petition was filed April 22, 2024. *See id*. at 170. Mr. Williams raised the following claims:

1.  denial of the right to argue self-defense, even as a mitigating factor;
2.  ineffective assistance of counsel for various failings, including failing to impeach perjured testimony or to present mitigating evidence;
3.  prosecutorial misconduct on various grounds, including a *Brady* violation; and
4.   relief under a newly enacted state law.

Pet. at 5–10 (listing claims).

The Court explained to Mr. Williams that his guilty plea barred claims regarding most pre-plea conduct. *See* Dkt. No. 20 at 2–3. The Court informed Mr. Williams that, because of his guilty plea, he only could challenge the voluntary and intelligent character of his plea, the adequacy of his counsel's advice related to that plea, the state's power originally to file charges against Mr. Williams, and conduct which occurred after the plea was accepted. *See id*.

In his first amended petition, Mr. Williams again brought prohibited claims. For example, the first amended petition included seventy-seven pages of argument and exhibits regarding *Brady* violations by the government at trial, unconnected to plea negotiations. *See* Dkt. No. 21 at 27–103.

*See United States v. Ruiz*, 536 U.S. 622, 628 (2002) (explaining that a *Brady* claim based upon the government's conduct at trial does not fall into one of the limited exceptions). Even where Mr. Williams labeled a claim as falling into one of the exceptions, he failed adequately to support it. For example, Mr. Williams labeled one of his claims as being for "breach of plea agreement." Dkt. No. 21 at 23. Yet the body of that claim contained no information regarding how the government breached the plea agreement, instead arguing that Mr. Williams was too immature and uninformed to knowingly evaluate the offer. *See id*. at 23–26.

The Court identified these defects and instructed Mr. Williams to correct them. See Dkt. No. 23.  The Court also instructed Mr. Williams that he could

> bring **only** claims that are exhausted and that concern **one of the following**:
> - Whether the state had the power to charge Mr. Williams in the first place, which typically examines the state's jurisdiction and/or whether Double Jeopardy ought to have barred prosecution;
> - Ineffective assistance of counsel specifically related to the plea, which typically examines counsel's advice on whether to accept or reject the plea;
> - The knowing and voluntary nature of the plea, which typically examines the defendant's competency, the defendant's understanding of the terms and consequences of the plea, and whether the defendant's decision was coerced; and/or
> - Whether the government upheld the agreed–upon plea, with the government's conduct evaluated according to California contract law.
>
> All other claims are barred by Mr. Williams's guilty plea.

*Id*. at 3 (emphasis in original).

In the Second Amended Petition, Mr. Williams again brings a prohibited claim challenging his counsel's performance during discovery, conduct which occurred well before the guilty plea. *See* SAP at 8–10. This claim is impermissible for the reasons explained in the Court's prior orders, and it is DISMISSED WITHOUT LEAVE TO AMEND.

Mr. Williams also argues in the Second Amended Petition that the government breached its plea agreement with him. *See* SAP at 1–3. Again, however, Mr. Williams does not clearly explain what happened or how the government breached the agreement. *See id*. Rather, the Second

Amended Petition suggests that the government upheld the plea agreement but the sentencing court decided to depart from the agreed-upon sentence. *See id*. Mr. Williams does not explain what actions the government took to breach the agreement, much less support such an explanation with evidence as he was instructed to do. *See id*.; *see also* Dkt. No. 23 at 4. It also is unclear whether this claim was exhausted in state court. *Cf*. Dkt. No. 1 at 3–5 (summarizing the claims Mr. Williams filed in state court without mentioning the allegation that the government breached the plea agreement).

As the Court understands the Second Amended Petition, the prosecution and Mr. Williams's counsel agreed to a guilty plea with a 15-year sentence; this agreement was presented to the trial court; but at sentencing the judge elected to depart from this agreement and sentenced Mr. Williams to 21 years. *See* SAP at 1–3. If the Court's understanding is incorrect, Mr. Williams should explain where the errors lie. *Cf. United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004) *(*"A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'"); *United States v. Nostratis*, 321 F.3d 1206, 1211–12 (9th Cir. 2003) (explaining that a defendant cannot withdraw his guilty plea even before sentencing when he realizes that the sentence will be higher than he expected if he was advised of the range of possible sentences for him when he pled guilty). Mr. Williams should explain exactly what happened that turned an agreement for 15 years into a sentence for 21 years, and should explain whether and when this claim was exhausted in state court. Both explanations must be supported with documents.

The Court encourages Mr. Williams to write concisely and clearly in support of his single claim. The Court cannot evaluate the merits of a petition that it cannot read.

### III.    Conclusion

Mr. Williams's motion for screening is GRANTED to the extent this order screens his Second Amended Petition. Dkt. No. 25.

The Second Amended Petition is dismissed with **one final chance** to amend. Mr. Williams may only amend his claim that the government breached its plea agreement. If Mr. Williams fails adequately to explain how the government breached the plea agreement, and whether this claim

was exhausted, this action will be dismissed without further leave to amend.

Mr. Williams may file a THIRD AMENDED PETITION within **thirty-five days** from the date this order is filed. The third amended petition must include the caption and civil case number used in this order (CV 24-2878-PCP (PR)) and the words THIRD AMENDED PETITION on the first page. An amended pleading supersedes the original pleading. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

**Failure to file a third amended petition within thirty-five days and in accordance with this order will result in a finding that further amendment would be futile. If Mr. Williams fails to amend, this action will be dismissed with prejudice.**

It is Mr. Williams's responsibility to prosecute this case. Mr. Williams must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
P. Casey Pitts
United States District Judge